## UNITED STATES

v.

**Barrington L. ALSTON, 239 19 2415, Sergeant (E–5), U.S. Marine Corps.**

**NMCM 89 2777C.**

U.S. Navy–Marine Corps Court of Military Review.

Sentence Adjudged 7 April 1989.

Decided 24 April 1990.

Lt. Jacob R. Walker, JAGC, USNR, Appellate Defense Counsel.

Maj. G.S. Warner, USMC, Appellate Defense Counsel.

Maj. Rose M. Favors, USMC, Appellate Government Counsel.

Before the Court en banc.

JONES, Judge:

Upon review of the Government's motion to reconsider *en banc*, the Court issues the following opinion.

The record of trial initially came before this Court for review without assignment of error; however, we noted that the testimony of a Government witness, Police Officer McBane, relating to Charge I and its Specification and Charge III and its Specification, and of appellant, relating to Charge I and its Specification, was not transcribed as part of the record of trial. As a result, this Court specified the following issue:

DOES THE RECORD OF TRIAL SATISFY THE REQUIREMENTS OF RULES FOR COURTS-MARTIAL 1103(c)(1) AND 1103(b)(2)(B)(ii), MANUAL FOR COURTS-MARTIAL, UNITED STATES, 1984, FOR A VERBATIM WRITTEN TRANSCRIPT OF ALL SESSIONS EXCEPT SESSIONS CLOSED FOR DELIBERATIONS AND VOTING.

Thereafter, at the request of appellate defense counsel, this Court ordered the Government to show cause why a verbatim record should not have been prepared. The Government reply notes that the tape recordings and reporter's notes for this court-martial are intact and have not been destroyed; however, because those portions of the trial recordings dealt with the offenses of which appellant was acquitted, they were not transcribed.[1] The Government asserts that the omissions are "insubstantial," relate only to the offenses of which appellant has been found not guilty, are not inextricably entwined with the entire trial, and do not taint the finding of guilty or the sentence. The argument runs as follows: because appellant was found guilty only of the offense to which he plead guilty, the record is verbatim and complete as to the providence inquiry and the sentencing portion of the trial; thus, it is complete as to all material issues. According to the Government, the findings and sentence may be affirmed based on the record presently before the Court.

Appellant was initially charged with two specifications of assault, including the assault with a motor vehicle of a Department of Defense (DOD) police officer, resisting apprehension and escape from custody from the same police officer, kidnapping, unlawfully carrying a concealed .357 magnum revolver, and the willful disobedience of an order. After the withdrawal of some charged offenses and findings of not guilty as to others, the single finding of guilty related to the offense to which appellant had plead guilty by means of exceptions and substitutions—escape from the custody of the DOD police officer, by driving away after having been told to get into his vehicle. Sentence was composed of a reduc-

---

1. Appellant was found not guilty by the members of Charge I and its two specifications. The military judge entered a finding of not guilty upon his own motion as to Charge III and its remaining specification. Specification 1 under Charge II, Specification 2 of Charge III, and Charge IV and its specification were all withdrawn by the Government.

tion to pay grade E–3 and a bad-conduct discharge.

Appellant, reduced from staff sergeant to sergeant as the result of a prior general court-martial for assault (which appellant describes as the escalation of a "mutual combat situation" and for which the "E–6 victim" was also reduced at general court-martial but to pay grade E–4), was nevertheless able to introduce the testimony of his superiors that unanimously voiced his outstanding performance.

On their face, Rules for Courts–Martial (R.C.M.) 1103(c)(1) and 1103(b)(2)(B)(ii), Manual for Courts–Martial, United States, 1984, (hereinafter Manual) leave no maneuvering room for the Government to determine the testimony of witnesses, to include here that of both a Government witness and the accused relating to the proof of charged serious offenses, may be left out of the record because that testimony related only to offenses of which appellant was found not guilty. We do not find such intentional omissions to be insubstantial; thus, the Government has failed to provide this Court with a verbatim transcript as required by the Rule.

We additionally point out that the evidence heard on the merits by the members, including that relating to the offenses of which appellant was found not guilty, could be considered by them in determining an appropriate sentence. *See* R.C.M. 1105(e)(4). Based on the Government's omission, we do not have that evidence before us in executing our Article 66(c), Uniform Code of Military Justice, 10 U.S.C. § 866(c) mandate to affirm only so much of "the sentence or such part or amount of the sentence, as [this Court] finds correct in law and fact and determines, *on the basis of the entire record*, should be approved" (emphasis added).

We are at this point unaware of the evidence that might have been considered by the members as aggravating the offense for which appellant was sentenced

and which might have provided greater support for the imposition of the bad-conduct discharge. On the other hand, we cannot know what, if any, evidence the members might have heard as part of appellant's testimony on the merits that would have a mitigating effect on sentence.

As noted by the Court of Military Appeals in *United States v. McCullah*, 11 M.J. 234, 237 (C.M.A.1981):

[T]his Court's earlier decisions contemplated that even a failure to prepare a "complete" or "verbatim" record may not taint the sentence. For example, *United States v. Boxdale*, [22 U.S.C.M.A. 414, 47 C.M.R. 351 (1973)], refers to a presumption of prejudice which the Government must rebut; and so, by implication, the possibility was left open that under some circumstances the existence of prejudice can be disproved by the Government and a sentence sustained which includes a punitive discharge. Of course, without knowing the details of the evidence which has been omitted from the record of trial, an appellate court usually is unable to decide that the omission was not prejudicial to an appellant. Moreover, since in military criminal law administration the Government bears responsibility for preparing the record of trial, it is fitting that every inference be drawn against the Government with respect to the existence of prejudice because of an omission.

In adopting a "bright line" rule [2] to require a verbatim record, we intend the avoidance of piecemeal appellate litigation as to when exceptions to the requirements for a verbatim record might apply and the remedies to be considered in the event the "exception" were deemed not to withstand the regulatory provisions of the Manual. *See, e.g., United States v. Thompson*, 22 U.S.C.M.A. 448, 47 C.M.R. 489 (1973); *United States v. Luth*, No. 73 2311 (NCMR 28 February 1974); *United States v.*

---

**2.** We see no alternative unless and until a change to the Manual for Courts–Martial, United States, 1984, is made that would permit waiver by trial defense counsel and authentication by the military judge as to a summarized record

of trial that omits the testimony and other evidence as to offenses for which an accused has been acquitted and which all parties agree are unrelated to considerations of extenuation, mitigation and aggravation.

*Anderson,* No. 73 1731 (NCMR 28 August 1973); *United States v. Ellis,* No. 73 2373 (NCMR 5 April 1974). Such a "bright line" rule is further supported by the requirement that "the members be instructed to consider all matters in extenuation, mitigation, and aggravation, whether introduced before or after findings...." R.C.M. 1105(e)(4). Absent a verbatim record we cannot know whether such matters have been omitted from the record nor can we decide that such omissions are not prejudicial to an appellant. *McCullah,* 11 M.J. at 237.

Accordingly, the record is returned to the Judge Advocate General for transmission to the convening authority for preparation of a verbatim transcript of the proceedings at trial.

Chief Judge BYRNE, Senior Judges McLERAN and ALBERTSON, Judges WILLEVER, FREYER, STRICKLAND, HILTON and RUBENS concur.